



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. 0-1451
Re: Expenditure of money col-
lected for the registra-
tion of motor vehicles by
the Tax Collector

Your inquiry of the 14th inst. received.

You submit the following question:

"Should the moneys collected by the County
Tax Collector for the registration of motor ve-
hicles be spent according to the provisions of
Article 6675A-10, R. C. S., 1925, in the various
precincts of the county in proportion to the gen-
eral provisions as prescribed by Article 6740,
R. C. S?"

You submit in connection with the question your
brief, which has been very helpful in the study of the
question presented.

You then conclude:

"It is my opinion that moneys collect-
ed from the registration of automobiles in the
County of Young and paid into the road and bridge
fund shall be expended in the various precincts
for the purposes enumerated above and in propor-
tion to the amount collected from each precinct
unless, in the discretion of the Commissioners'
Court, a necessity exists for altering the general
rule."

Your question is answered by the opinion of the
Commission of Appeals in Stovall V. Shivers, 103 S.W.(2)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

385, in which the following language is used:

"The dominant purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commissioner's precinct in proportion to the amount collected therein. In this regard, the statute means that each precinct shall primafacie be entitled to its own funds, and in the absence of any reason to the contrary they should be so divided and expended. However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is given the right to expend the road and bridge fund in a proportion other than in the proportion in which they are collected when the condition of the roads in the respective precincts creates a necessity to do so. We think, however, that the requirement to expend the fund in the proportion mentioned cannot be avoided except in cases or conditions of necessity. Of course, the Commissioners' Court has the right to exercise the sound judgment in determining the necessity, but it cannot act arbitrarily in regard to such matter."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _A. S. Rollins_

A. S. Rollins
Assistant

ASR-MR

APPROVED SEP 25, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By   BWB
Chairman